FILED
2007 MAY 29 A 11: 59
U.S. BANKRUPTCY COURT
AUGUSTA, GA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Ralph L. Elkins | ) | Chapter 7 Case |
| | ) | Number 05-13803 |
| Debtor | ) | |
| | ) | |
| Ralph L. Elkins | ) | |
| | ) | Adversary Case |
| Plaintiff | ) | Number 06-01015 |
| | ) | |
| v. | ) | |
| | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Cross summary judgment motions have been filed by Ralph L. Elkins ("Elkins") and the Internal Revenue Service ("IRS"). Elkins filed this adversary seeking a determination that his 2001 tax liability be declared dischargeable. This court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(2)(I) and 28 U.S.C. §1334. For the reasons discussed below, the Court denies Elkins's summary judgment motion and grants the IRS's summary judgment motion, thereby ruling Elkins's 2001 federal income tax liability is

1

AO 72A
(Rev. 8/82)

non-dischargeable.

## UNDISPUTED FACTS

The undisputed facts are:

- On April 15, 2002, Elkins requested an extension to file his 2001 federal income tax return. As a result, Elkins's 2001 federal tax return was due on October 15, 2002. Ultimately, Elkins filed his 2001 return which reflected that he owed taxes for the 2001 tax year.

- 2004 was a leap year.

- On October 14, 2005, Elkins filed his chapter 7 bankruptcy petition.[1]

- On March 6, 2006, Elkins filed this instant adversary proceeding seeking a determination that his 2001 federal income tax liability be declared dischargeable pursuant to 11 U.S.C. §§507(a)(8)[2] and 523(a)(1)(A).[3]

---

[1] Elkins filed his bankruptcy petition prior to the changes implemented by the Bankruptcy Prevention and Consumer Protection Act of 2005.

[2] 11 U.S.C. §507(a)(8) states in pertinent part:

(a) The following expenses and claims have priority in the following order:

>   (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for-
>
>>   (A) a tax on or measured by income or gross

- Subsequently, Elkins and the IRS filed summary judgment motions.

### CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);[4] See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party

---

    receipts--

        (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition . . . .

[3] 11 U.S.C. §523(a) states in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt-

(1) for a tax or custom duty-

    (A) of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

[4] Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056. See Fed. R. Bankr. P. 7056.

3

seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); First Nat'l Bank of Arizona v. Cities Servs. Co., 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985)(citations omitted).

Under the Bankruptcy Code, if the IRS has a claim against Elkins for income taxes for which a tax return was due (including extensions) within the three years before Elkins filed his bankruptcy petition, the claim is non-dischargeable. See 11 U.S.C. §§507(a)(8)(A)(i) and 523(a)(1)(A). Elkins filed his bankruptcy

4

petition on October 14, 2005 and his 2001 tax return was due October 15, 2002.

Elkins makes a two-pronged argument to contend his 2001 federal income tax liability is dischargeable. First, Elkins argues the three year look-back period of §507(a)(8)(A)(i) is limited to 1095 days.[5] Second, to reach the conclusion that his 2001 liability falls outside the three year look-back period, Elkins counts both the day his 2001 tax return was due (October 15, 2002) and day he filed his bankruptcy petition (October 14, 2005). He argues since 2004 was a leap year, the bankruptcy petition was actually filed on the 1096th day and therefore the liability is dischargeable. (Pl.'s Br. Summ. J. 2).[6] Elkins fails to cite any authority supporting his calculation methods, other than general "fresh start" bankruptcy principles. For the reasons discussed below, the Court disagrees with Elkins's calculation methods and holds the IRS's claim for his

---

[5] 365 X 3 = 1095.

[6] Elkins's calculation is as follows:

| | |
|---|---|
| 10/15/02 - 12/31/02 | 78 days |
| 01/01/03 - 12/31/03 | 365 days |
| 01/01/04 - 12/31/04 | 366 days (leap year) |
| 01/01/05 - 10/14/05 | 287 days |
| Elkins Total: | 1096 days |

5

2001 tax liability is non-dischargeable pursuant to 11 U.S.C. §§507(a)(8)(A)(i) and 523(a)(1)(A).

The Bankruptcy Code does not define "year". Elkins argues "year" is limited to 365 days. The Court disagrees and holds "year" as used in §507(a)(8)(A)(i) contemplates a calendar year, rather than a specific number of days. "It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (citation and internal quotation marks omitted). "The preeminent canon of statutory interpretation requires [courts] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004) (citations omitted). Congress used "three years" in 11 U.S.C. §507(a)(8)(A)(i) and "240 days" in §507(a)(8)(A)(ii). By the plain terms of the statute the look-back period is three calendar years, not 1095 days.

"If the time period for filing an action is one year and the action that triggers the running of the statute of limitations occurs during a leap year, the one-year period consists of 366 days. For the purposes of a statute of limitations, one year is equivalent

6

to a calendar year, whether there are 365 or 366 days."[7] 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1162 [p. 498] p. 88 (3d ed. Supp. 2007). "It is well established both at common law and by statute that, unless otherwise expressed, the word 'year,' when used in a . . . statute . . . ordinarily is understood as meaning a calendar year, and it means a calendar year regardless of whether it be a leap year or otherwise." C.J.S. ¶5; See United States v. Parker, 586 F.2d 422 (5th Cir. 1978)[8] (although two intervening leap years occurred during the applicable time period, the five year statute of limitations had not run when the indictment was based in part, upon conduct occurring on April 16, 1971, and the indictment was returned on April 15, 1976); Yokley v. Belaski, 982 F.2d 423 (10th Cir. 1992) (the fact that a defendant's term of incarceration included three leap years did not mean his sentence was improperly enhanced by three days); United States v. Tawab, 984 F.2d 1533, 1534 (9th Cir. 1993) ("the term 'year' in [the statute] means calendar year, not 365 days"); Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F. Supp. 819, 822 (M.D.N.C. 1976) ("The

---

[7] The three year look-back period is a statute of limitations. Young v. United States, 535 U.S. 43, 47-48 (2002).

[8] Decisions of the Fifth Circuit rendered prior to October 1, 1981 remain binding precedent upon the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

7

term 'one year' [as used in the Truth and Lending Act] must be read to mean a calendar year, which during a regular year totals three hundred and sixty-five (365) days and during a leap year totals three hundred and sixty-six (366) days"); <u>Clark v. Bonded Adjustment Co., Inc.</u>, 176 F. Supp.2d. 1062, 1065 n. 1 (E.D. Wash. 2001) (The year in question was a leap year; therefore, "year" as used in the Fair Debt Collection Act was 366 days); <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 400 (6th Cir. 1997) ("[Federal R]ule [of Civil Procedure 6a] makes sense only in the context of counting days; the problem it is intended to avoid (i.e., cutting the time too short . . .) should not arise in the computation of calendar months or years, in which individual days are not counted").[9]

In this case, Elkins filed his chapter 7 petition on October 14, 2005, one day prior to the three year anniversary date of when his 2001 tax return was due. Therefore, the IRS's claim for Elkins's 2001 tax liability is non-dischargeable under §§507(a)(8)(A)(i) and 523(a)(1)(A).[10]

---

[9] In regards to the issue currently before the Court, Federal Rule of Bankruptcy Procedure 9006(a) computes time in the same manner as Federal Rule of Civil Procedure 6(a).

[10] Since the Court determines "year" as used in §507(a)(8)(A)(i) means calendar year, rather than 365 days, the Court need not address the issue of whether the time is computed in accordance with Rule 9006 or by counting both the date the return was due and the date the bankruptcy petition was filed, as suggested by Elkins. <u>See generally</u>, <u>American Canoe Assoc. v. City of Attalla</u>, 363 F.3d 1085,

8

IT IS THEREFORE ORDERED that the IRS's motion for summary judgment is GRANTED and the IRS's claim for Elkins 2001 tax liability is declared non-dischargeable.

IT IS FURTHER ORDERED that Elkins's summary judgment motion is DENIED.

_Susan D. Barrett_
SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 29th Day of May, 2007.

---

(11th Cir. 2004). Furthermore, since Elkins filed for bankruptcy on October 14, 2005, the Court need not make a determination on whether the anniversary or calendar date rule applies to §507(a)(8)(A)(i) actions.

9

AO 72A
(Rev. 8/82)